UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**CITIZENS BANK OF KENTUCKY,**

    Plaintiff,

v.                            Civil Action No. 2:17-cv-02364

**THE OAKS, LLC; THOMAS A. ZAMOW;
and JOE C. FERRELL,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff Citizens Bank of Kentucky's ("Citizens") motion for summary judgment against defendant The Oaks, LLC ("Oaks"), filed October 6, 2017.

### I. Background

On June 3, 2009, Citizens and Oaks entered into a business loan agreement and a promissory note, by which Citizens agreed to loan Oaks an amount of money in exchange for repayment with interest. (Compl. ¶¶ 7-8; Mot. Summ. J. Exs. A and B.)[1] Over time, the parties entered into a series of renewals and

---

[1] Citizens swears to the authenticity of the loan documents attached to its motion. (See Mot. Summ. J. Ex. F ¶¶ 1-6.) Additionally, in its answer to the complaint, Oaks admitted to all of the factual allegations stated in paragraphs one through nineteen, which include express reference to and attachment of the loan documents. (Oaks' Answer ¶ 1; see Compl. ¶¶ 1-19.)

modifications of the note, with the latest modification taking effect on December 5, 2012. (See Compl. ¶¶ 11-15; Mot. Summ. J. Exs. C-E.)

In his affidavit, Bradley Cantrell, a Special Assets Officer for Citizens, swears the following in conjunction with Citizens' summary judgment motion:

> 7. Citizens is the holder of the Promissory Note, including all renewals, extensions, and modifications thereof.
>
> 8. . . . [Oaks] failed to make payments on the Loan for the months of May, August, and November, 2016 in violation, and in default, of the Promissory Note, as modified.
>
> 9. On January 25, 2017, following [Oaks'] default, Citizens accelerated the entire unpaid balance due on the Loan and demanded payment thereof within ten days after notice of the acceleration.
>
> 10. [Oaks] failed to pay the balance due on the Loan.
>
> 11. [Oaks] is in default under the terms of the Business Loan Agreement and the Promissory Note, as modified due to its failure to make all required payments.
>
> 12. . . . There is due on the Loan the sum of $270,301.04, which amount includes all principal, accrued unpaid interest, unpaid late charges, and unpaid legal expenses incurred in the previous civil action seeking enforcement of the Promissory Note and Business Loan Agreement, plus attorneys' fees and costs incurred . . . by way of this action, which amount may be provided by Citizens' counsel. Interest accrues on the principal balance of the Loan at the per annum rate of 5.25%.

(Mot. Summ. J. Ex. F ¶¶ 7-12; see id. Ex. G (notice of default sent by Citizens to Oaks); see also Compl. ¶¶ 11-15.)

On April 17, 2017, Citizens initiated this action in this court.  On October 6, 2017, Citizens moved for summary judgment against Oaks, seeking judgment through enforcement of the promissory note and judgment that Oaks has breached the business loan agreement.  (See Mem. Supp. 5-10.)  Citizens claims that it is entitled to $270,301.04 plus interest at a rate of 5.25% per annum from the date of filing the summary judgment motion and attorneys' fees and costs of $10,212.34, of which $6,947.84 are included in the principal balance, which $6,947.84 presumably constitutes the unpaid legal expenses incurred in a previous civil action.  (Id. 10; see Mot. Summ. J. Ex. F ¶ 12.)  Oaks responds that the court should defer consideration of Citizens' motion because no discovery had taken place when Citizens filed the motion and because Oaks disputes some unidentified facts regarding the alleged debt owed.  (Resp. Opp'n 1-2.)  Defendant Thomas A. Zamow, against whom summary judgment is not sought, also responded to Citizens' motion with a similar argument.  (See Zamow Resp.)  No response to the motion has been received from defendant Joe C. Ferrell.

II. Discussion

The court first addresses Oaks' argument that the court should defer consideration of the summary judgment motion. Federal Rule of Civil Procedure 56 allows a party to move for summary judgment prior to the close of discovery. Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). In such an instance, Rule 56(d) provides a nonmovant with an avenue to "defer [the district court's] ruling on a summary-judgment motion if the [nonmovant] 'shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" Hodgin v. UTC Fire & Sec. Ams. Corp., 885 F.3d 243, 250 (4th Cir. 2018) (quoting Fed. R. Civ. P. 56(d)). A request for additional discovery is "'broadly favored and should be liberally granted' in order to protect non-moving parties from premature summary judgment motions." McCray v. Md. Dep't of Transp., 741 F.3d 480, 484 (4th Cir. 2014) (quoting Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt., 721 F.3d 264, 281 (4th Cir. 2013)). Nevertheless, the nonmovant must "identify . . . specific information that would create a genuine dispute of material fact." Hodgin, 885 F.3d at 251.

Oaks contends that "there are disputed facts concerning the alleged debt owed" and that the court's consideration of Citizens' motion, filed prior to discovery, "would violate the letter and spirit of the controlling precedents in this Circuit." (Resp. Opp'n 2.) Oaks fails, however, to identify which facts are in dispute, to cite the purported controlling Fourth Circuit authority, and to support its argument by affidavit or declaration. (See id.) Consequently, Oaks' request that the court defer consideration of Citizens' summary judgment motion until discovery takes place is without merit. To the extent that Oaks can rely on the affidavit attached to Zamow's response, (see Zamow's Resp. Ex. 1), the affidavit contains "generic statements merely parrot[ing] the potential benefits of [discovery]" and is likewise insufficient. Hodgin, 885 F.3d at 250; see also Poindexter v. Mercedes-Benz Credit Corp., 792 F.3d 406, 411 (4th Cir. 2015) (denying additional discovery where the nonmovant failed to show the district court "how the information in her MBCC account could possibly 'create a genuine issue of material fact sufficient for [her] to survive summary judgment,' or otherwise affect the court's analysis." (quoting Fed. R. Civ. P. 56(d)).

Moreover, the court on November 21, 2017, ordered deadlines for discovery, including the date of February 12, 2018, by which discovery closed. That same order fixed February 6, 2018, as the date by which responses to dispositive motions were to be filed. No response has been received from any defendant.

Oaks having failed to respond to the motion, the court must nevertheless address the merits of Citizens' request for summary judgment. As this court has succinctly explained,

> Rule 56(e) addresses the situation where a party fails to address a fact that the other party has asserted in its motion for summary judgment. See Fed. R. Civ. P. 56(e). Rule 56(e) provides, in relevant part, that a court may, inter alia, consider facts from a motion for summary judgment that go unaddressed as undisputed for purposes of the motion and "grant summary judgment if the motion and supporting materials - including the facts considered undisputed [under Rule 56(e)(2)] - show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).
>
> However, summary judgment's guiding principle, that the moving party must show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a), limits a court's general discretion under 56(e) to grant summary judgment in favor of the moving party when the non-moving party fails to address facts in the motion. In other words, when the Advisory Committee drafted 56(e), it did not intend to change the moving party's burden [to support its position with evidence pursuant to] 56(c). See Adickes v. S. H. Kress & Company, 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). This principle extends to the accepted doctrine requiring courts to view facts from the moving party's materials, and reasonable

inferences drawn from those facts, in the light most
favorable to the non-moving party. See id. at 158-59.

First Century Bank, N.C. v. Batelic, No. 1:11-0580, 2012 U.S.

Dist. LEXIS 123528, at *3-4 (S.D. W. Va. Aug. 30, 2012) (last

alteration added).

The undisputed facts here, viewed most favorably to

Oaks, show that Oaks has defaulted on its obligations owed to

Citizens under the business loan agreement and promissory note

as modified. (See Compl. ¶¶ 1-19; Mot. Summ. J. Exs. A-G.)

Indeed, Oaks has admitted to the authenticity of the loan

documents, and Cantrell testified to the undisputed fact that

Oaks has failed to meet its obligations imposed thereunder.

Accordingly, consistent with the terms of the agreements

attached as exhibits to Citizens' motion, Citizens is entitled

to summary judgment against Oaks as a matter of law.

As set forth in the complaint and the Cantrell

affidavit, the plaintiff is entitled to recover from The Oaks,

LLC, the sum of $270,301.04, plus interest at the annual rate of

5.25% from October 6, 2017, to this date of $8,825.51 and a

remaining attorney fee and costs of $3,264.50, aggregating

$282,391.05.

### III. Conclusion

For the foregoing reasons, it is ORDERED that Citizens' motion for summary judgment against Oaks be, and hereby is, granted. Pursuant to Federal Rule of Civil Procedure 54(b), judgment for the sum of $282,391.05 is entered in favor of the plaintiff and against The Oaks, LLC, in a separate order entered contemporaneously herewith.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and to any unrepresented parties.

ENTER: May 21, 2018

John T. Copenhaver, Jr.
United States District Judge